IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs, and<br><br>Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon, and Marcellus Wiley, *on behalf of themselves and others similarly situated,*<br><br>Proposed Intervenor-Plaintiffs<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**FEDERAL RULE OF CIVIL PROCEDURE 24(c)**
**STATEMENT OF CLAIM IN SUPPORT OF INTERVENTION\\**

Pursuant to Federal Rule of Civil Procedure 24(c), Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon, and Marcellus Wiley, on behalf of themselves and other similarly situated Plaintiffs in the pending putative class action Complaint in the U.S. District Court for the Northern District of California, *Richard Dent, et al. v. National Football League*, Case No. 3:14-cv-02324 (the "*Dent* Plaintiffs"), hereby provide

notice to the Parties in the above-captioned matter regarding the nature of their position and interest.[1]

---

[1] The precise nature of the "pleading" that Fed. R. Civ. P. 24(c) requires is somewhat unclear. Already included within the MDL settlement class as retired NFL players, the *Dent* Plaintiffs are part of the MDL litigation. The underlying MDL merits litigation is, as a practical matter, over; the Court has preliminarily approved the class action settlement that gives rise to the prospective intervenors' claim about the scope of the proposed MDL release, making Rule 7(a)'s list of "pleadings" an imperfect fit. As the letter exchange between counsel for the *Dent* Plaintiffs and for the NFL Defendants in the MDL shows, the NFL has already received a detailed exposition of the *Dent* Plaintiffs' concerns about the MDL release, more than satisfying Fed. R. Civ. P. 8(a)(2)'s "short and plain statement of the claim" requirement. Obviously on notice of, and fully understanding the *Dent* plaintiffs' claim, the NFL responded in detail.

A number of courts have focused on Rule 24(c)'s functional notice purpose rather than mandating the filing of a Fed. R. Civ. P. 7(a) "pleading." *See, e.g., Phila. Recycling & Transfer Station v. City of Phila.*, No. 95–4597, 1995 WL 517644, at *3 (E.D. Pa. Aug. 29, 1995) ("[l]iberal construction of the rule . . . when the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervenor's claim has been satisfied"); *Pereira v. Foot Locker, Inc.*, No. 07-cv-2157, 2009 WL 4673865, at *5 (E.D. Pa. Dec. 7, 2009) ("interpretation of this rule [24(c)] is generally liberal, particularly when the actions of the movant have provided the basis and nature for their intervention" and in such circumstances not requiring "a separate recounting of the claim"); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) ("statement of interest" provided sufficient notice and satisfied Rule 24(c) requirement). *See also Mass. v. Microsoft Corp.*, 373 F. 3d 1199, n. 19 (D. C. Cir. 2004) (rejecting argument that intervention was defective absent accompanying pleading: "Neither the Government nor Microsoft explains what type of pleading the would-be intervenors could have filed in a case such as this, where a judgment had already been rendered. In any event, 'procedural defects in connection with intervention motions should generally be excused by a court'… The Government and Microsoft make no claim they had inadequate notice of the intervenors' appeal, and we find no reason to bar intervention based solely upon this technical defect, if defect it be." (quoting *McCarthy v. Kleindienst*, 741 F. 2d 1406, 1416 (D. C. Cir. 1984)); *Piambino v. Bailey,* 757 F. 2d 1112, 1121 (11th Cir. 1985) ("majority of circuits, including this circuit, has not" denied intervention for failure strictly to follow Rule 24(c), "choosing instead to disregard nonprejudicial technical defects").

These cases reflect Fed. R. Civ. P. 1's requirement of interpreting the Federal Rules to promote the 'just, speedy and inexpensive" determination of actions. The *Dent* Plaintiffs respectfully request that the Court treat their accompanying Rule 24(c) filing as the requisite "pleading" for Rule 24(c), or, alternatively, that the Court permit the *Dent* plaintiffs to re-frame and re-file that document as a Complaint in Interventrion for Declaratory Relief seeking excision of the *Dent* claims from the scope of the MDL Settlement Agreement's Release and Covenant Not to Sue.

As set forth in the accompanying Motion to Intervene and supporting Memorandum of Law, the *Dent* Plaintiffs seek intervention to address the sweeping and open-textured language of Article XVIII (Releases and Covenant Not to Sue) of the Class Action Settlement Agreement of June 25, 2014 (ECF No. 6073-2) (the "MDL Settlement Agreement") for which the Court granted preliminary approval on July 7, 2014 (ECF No. 6084).   For those Plaintiffs who are members of the putative classes in both *Dent* and the MDL, the pending Release in the MDL Settlement Agreement can potentially be read to release, discharge, and waive the claims alleged in the *Dent* Litigation that were neither alleged nor litigated in the MDL and that are not compensated under the MDL Settlement Agreement.

As set forth in the *Dent* Amended Complaint, No. C 14-02324 (ECF No. 5) (the "*Dent* Am. Compl.") (Exhibit A to the accompanying Motion), the *Dent* claims include:

- The NFL knew or should have known of its duty of reasonable care towards the *Dent* Plaintiffs and intentionally, recklessly, or negligently breached this duty when providing and administering painkillers to NFL Players resulting in the following injuries: (1) opioid tolerance, dependence and addiction; (2) more severe and permanent musculoskeletal injuries; (3) long-term health consequences caused by prescription painkillers; and (4) health effects specifically stemming from use of Non-Steroidal Anti-Inflammatory medications ("NSAIDs"). *Id*. ¶¶ 270-72 (Count I – Action for Declaratory Relief).

- To properly address the injuries incurred as a result of the NFL's misconduct, a testing and medical monitoring regime is necessary to protect the *Dent* Plaintiffs.   *Id*. ¶¶ 273-96 (Count II – Medical Monitoring).

- The NFL made knowing and intentional misrepresentations and deliberate omissions regarding the dangers of painkillers to maximize League profits and revenues by keeping the *Dent* Plaintiffs on the field and playing despite pain and injuries.  *Id*. ¶¶ 297-322 (Count III – Fraud).

- The NFL knew of the dangers and possible health ramifications of painkillers and intentionally concealed medically-vital information from the *Dent* Plaintiffs, depriving them the ability to seek medical intervention and prevent or mitigate further injuries.

      The NFL's concealment was driven by the desire to keep the *Dent* Plaintiffs on the field and play despite pain and injuries, thereby preserving the League's profits and revenues. *Id*. ¶¶ 323-46 (Count IV – Fraudulent Concealment).

- The NFL misrepresented to the *Dent* Plaintiffs the dangers of staying on the field while their pain was masked by painkillers, and the League's failure to provide complete and accurate information resulted in the players' sustaining their alleged injuries. *Id*. ¶¶ 347-62 (Count V – Negligent Misrepresentation).

- The NFL violated several federal and state laws and regulatory regimes governing the acquisition, storage, provision and administration of, and record keeping concerning painkillers. The violation of these laws resulted in the injuries alleged by the *Dent* Plaintiffs. *Id*. ¶¶ 363-73 (Count VI – Negligence *Per Se*).

- The NFL's misconduct toward the *Dent* Plaintiffs resulted in the following loss of consortium damages of Players' spouses and significant others: (i) lost enjoyment of comfort, care, society and companionship; (ii) economic damages from lost value of household and other services; (iii) economic damages from lost value of earnings; and (iv) economic damages from purchases of medical care and treatments, including durable medical goods, prescription and non-prescription medications, and home health care aides and other services. *Id*. ¶¶ 374-77 (Count VII – Loss of Consortium).

- The NFL breached its duty to protect the *Dent* Plaintiffs and disclose the dangers of painkillers by hiring unqualified persons who lacked the requisite scientific knowledge, independence, objectivity, neutrality, and were subject to conflicts of professional and economic interest between the Players and the League. As a result of the NFL's wrongful hiring, the *Dent* Plaintiffs were deceived about the nature and dangers of the painkillers. *Id*. ¶¶ 378-87 (Count VIII – Negligent Hiring).

- The NFL breached its duty to protect the *Dent* Plaintiffs and disclose the dangers of painkillers by retaining unqualified persons who lacked the requisite scientific knowledge, independence, objectivity, neutrality, and were subject to conflicts of professional and economic interest between the Players and the League. As a result of the NFL's wrongful retention, the *Dent* Plaintiffs were deceived about the nature and dangers of the painkillers. *Id*. ¶¶ 388-94 (Count IX – Negligent Retention).

      Respectfully submitted,

Date: August 12, 2014          /s/
      Ramsay M. Whitworth (Fed. Bar No. 85208)
      rwhitworth@mdattorney.com
      Stephen G. Grygiel (*Pro Hac* Pending)
      sgrygiel@mdattorney.com

William N. Sinclair (*Pro Hac* Pending)
bsinclair@mdattorney.com
S<small>ILVERMAN</small>|T<small>HOMPSON</small>|S<small>LUTKIN</small>|W<small>HITE</small>|LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel:     (410) 385-2225
Fax:    (410) 547-2432

Stuart A. Davidson (*Pro Hac* Pending)
SDavidson@rgrdlaw.com
Mark J. Dearman (*Pro Hac* Pending)
MDearman@rgrdlaw.com
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Tel:     (561) 750-3000
Fax:    (561) 750-3364

*Attorneys for Dent Plaintiffs*